COMMONWEALTH *vs.* JOHN C. BENNETT.

An indictment on the Gen. Sts. *c.* 87, §§ 6, 7, for keeping a tenement used for the illegal sale and illegal keeping of intoxicating liquor, need not particularly describe the kind of intoxicating liquor, or negative authority to sell or keep it; and is supported by proof of keeping a tenement used for the sale or keeping of any intoxicating liquor, the sale or keeping of which is prohibited by the statutes in force at the time of the offence.

The legislature may authorize a town to determine by vote of the inhabitants, or a city by vote of the city council, whether the sale of particular kinds of liquors within its limits shall be permitted or prohibited.

An averment in an indictment, that the offence was committed "at Worcester in the county of Worcester" sufficiently designates the city of Worcester as the place of its commission.

INDICTMENT found and returned at January term 1871 of the superior court " begun and holden at Worcester within and for the county of Worcester," averring that John C. Bennett " of Worcester in said county," on November 1, 1870, and divers other days and times between that day and January 16, 1871, " at Worcester in said county, did keep and maintain a certain tenement, there situate, then and there used for the illegal sale and for the illegal keeping of intoxicating liquor, said tenement, so used as aforesaid, being then and there a common nuisance," &c.

Before the jury were empanelled, *Lord*, J., overruled a motion filed by the defendant to quash the indictment " because it contains no allegation that the intoxicating liquor alleged to be kept and sold in said tenement was not ale, porter, strong beer or lager beer, authorized by law to be kept and sold," and " because, as the legality of the sale of certain kinds of intoxicating liquors depends on the vote of each city or town, as respects such city or town, there should be a special venue of the place where the offence was committed." The defendant was then tried and found guilty, and alleged exceptions.

*H. B. Staples & F. P. Goulding*, for the defendant.

*C. Allen*, Attorney General, for the Commonwealth.

GRAY, J. An indictment on the Gen. Sts. *c.* 87, §§ 6, 7, charging the defendant, in the words of the statute, with keeping and maintaining a tenement used for the illegal sale and illegal

keeping of intoxicating liquors and being a common nuisance, is sufficient, without particularly describing the kind of liquors, or negativing any authority to keep or sell them ; and is supported by proof of keeping and maintaining a tenement used for the sale or keeping of any intoxicating liquors, the sale or keeping of which is prohibited by the statutes in force at the time of the offence. *Commonwealth* v. *Kimball*, 7 Gray, 328. *Commonwealth* v. *Kelly*, 12 Gray, 175. *Commonwealth* v. *Edds*, 14 Gray, 406. *Commonwealth* v. *Carpenter*, 100 Mass. 204. *Commonwealth* v. *Smith*, 102 Mass. 144.

The St. of 1869, c. 415, § 30, provided that no person should manufacture for sale or sell any spirituous or intoxicating liquors, unless authorized as provided therein ; and declared that " ale, porter, strong beer, lager bier, and all wines shall be considered intoxicating within the meaning of this act, as well as distilled spirits." That act also prescribed penalties for selling, or manufacturing or keeping for sale, without authority. The legislature has since amended that section by striking out the words " ale, porter, strong beer, lager bier ; " and has provided that any person may manufacture or sell or keep for sale these liquors ; but that the inhabitants of any city or town may annually vote that no person shall be allowed to sell them, " in which case the sale of such liquors in such city or town is prohibited," under the penalties prescribed in the statute of 1869. St. 1870, c. 389, §§ 1–3 ; c. 390. And by St. 1870, c. 389, § 8, " nothing contained in this act shall be construed to require any change in the forms of pleading now or heretofore used in the trial of criminal causes." The effect of these statutes is, that sales of ale, porter, strong beer or lager beer, in any city or town which votes that they shall not be allowed, are unlawful and may be indicted and punished like sales of intoxicating liquors ; while they may be lawfully made in any city or town which does not so vote. The offence was therefore sufficiently described in the indictment.

It has been argued in other cases, which have been brought before the court since the argument of the present case, that these statutes are unconstitutional, because they delegate to cities and towns a part of the legislative power. But we can see no ground

for such a position. Many successive statutes of the Commonwealth have made the lawfulness of sales of intoxicating liquors to depend upon licenses from the selectmen of towns or commissioners of counties, and such statutes have been held to be constitutional. 7 Dane Ab. 43, 44. *Commonwealth* v. *Blakington* 24 Pick. 352. It is equally within the power of the legislature to authorize a town by vote of the inhabitants, or a city by vote of the city council, to determine whether the sale of particular kinds of liquors within its limits shall be permitted or prohibited. This subject, although not embraced within the ordinary power to make by-laws and ordinances, falls within the class of police regulations, which may be intrusted by the legislature by express enactment to municipal authority. *Commonwealth* v. *Turner*, 1 Cush. 493, 495. *State* v. *Noyes*, 10 Foster, 279. *Bancroft* v. *Dumas*, 21 Verm. 456. *Tanner* v. *Trustees of Albion*, 5 Hill, 121. *State* v. *Simonds*, 3 Missouri, 414.

The offence of keeping and maintaining a common nuisance in violation of the Gen. Sts. *c.* 87, §§ 6, 7, being local, the place is a necessary part of the description and must be proved as laid. *Commonwealth* v. *Bacon, ante,* 26. But the allegation in this indictment that the offence was committed at Worcester in the county of Worcester clearly designates the city of Worcester as the place of its commission.                    *Exceptions overruled.**

* A similar decision was made in Essex, November term 1871, in the case of
COMMONWEALTH *vs.* HENRY MARTIN,

in which the indictment averred that the defendant at Gloucester in the county of Essex on May 1, 1871, and on divers other days and times between that day and October 2, 1871, "did keep and maintain a certain tenement, there situate, and then and there used by the said Henry Martin for the illegal sale and illegal keeping of intoxicating liquors," to the great injury and common nuisance, &c.; and the defendant moved to quash the indictment, and also in arrest of judgment, assigning in support of each motion the following reasons: "1. Because said indictment does not set forth any offence with substantial certainty and precision. 2. Because it is not now, and was not during the time covered by said indictment, unlawful to sell and keep for sale certain kir ds of intoxicating liquor. 3. Because it is lawful to sell and keep for sale ce-tain kinds of intoxicating liquor, where the town votes that any person may be allowed to manufacture, sell and keep for sale the same; and there is no allegation that the defendant had not the right to keep for sale and sell such in-

---

toxicating liquors named in said indictment. 4. Because, inasmuch as it may be lawful to sell and keep for sale certain intoxicating liquors in one place and unlawful in another place to do the same things, this indictment is insufficient in not alleging distinctly that this tenement is kept by the defendant in a place of the latter class. 5. Because the statute making lawful the sale of malt liquors in one place and unlawful in another, by the vote of the town, is unconstitutional and void."

*S. B. Ives, Jr., & C. P. Thompson*, for the defendant.

*C. Allen*, Attorney General, for the Commonwealth.