# SUPREME JUDICIAL COURT,

FOR THE

## COUNTY OF PLYMOUTH, OCTOBER TERM 1872, AT PLYMOUTH.

═══════

PRESENT:

Hon. REUBEN A. CHAPMAN, CHIEF JUSTICE.
Hon. JOHN WELLS,       ⎫
Hon. JAMES D. COLT,    ⎬ JUSTICES.
Hon. SETH AMES,        ⎭

────────

## COMMONWEALTH vs. BENIAH L. DEAN.
### SAME vs. SAME.

The St. of 1871, c. 334, authorizing a city or town to determine whether certain kinds of liquors may or may not be sold within its limits, is constitutional.

Under the provision of the St. of 1864, c. 121, that a defendant in a criminal prosecution must prove any license, appointment or authority on which he relies for justification, a defendant, prosecuted for keeping ale with intent to sell or for keeping a tenement for its sale, must prove that the sale of ale was permitted under the St. of 1871, c. 334, by the town in which the alleged offence was committed.

THE FIRST of these cases was a complaint to a trial justice against the defendant for unlawfully keeping intoxicating liquors with intent to sell the same unlawfully at North Bridgewater, on October 4, 1871. At the trial on appeal in the Superior Court, before *Bacon*, J., it appeared that the defendant sold ale in North Bridgewater, but there was no evidence whether the town of

North Bridgewater had or had not, under the St. of 1871, *c.* 334,* voted to allow the liquors named in said statute to be sold within its limits. The defendant requested the judge to rule that the statute making the criminality of the act depend upon the vote of the town was unconstitutional, and also that, under the St. of 1864, *c.* 121,† the burden of proof to show that the town did not permit ale to be sold was on the Commonwealth; but the judge refused so to rule. The jury returned a verdict of guilty, and the defendant alleged exceptions.

THE SECOND CASE was an indictment on the Gen. Sts. *c.* 87, §§ 6, 7, for keeping and maintaining a tenement in North Bridgewater for the illegal sale and keeping of intoxicating liquors, between July 1 and October 4, 1871. At the trial in the Superior Court, before *Bacon,* J., it appeared that the defendant kept ale in the tenement with intent to sell, but there was no evidence whether the town of North Bridgewater had or had not, under the St. of 1871, *c.* 334, voted to allow the liquors named in said statute to be sold within its limits. The defendant requested the judge to rule that, under the St. of 1864, *c.* 121, the burden of proof to show that the town did not permit ale to be sold was on the Commonwealth; but the judge refused so to rule. The jury returned a verdict of guilty, and the defendant alleged exceptions.

The cases were argued together, by *B. W. Harris & P. E. Tucker,* (*J. G. Sproat* with them,) for the defendant, and *C. R. Train,* Attorney General, for the Commonwealth.

BY THE COURT. 1. The principle settled in *Commonwealth* v. *Bennett,* 108 Mass. 27, applies to this case, and the constitutionality of the statute must be regarded as settled. 2. It is also

---

* This statute provided that any city or town may annually " vote that any person may manufacture, sell or keep for sale therein ale, porter, strong beer or lager-bier, and in any city or town so voting, any person may manufacture, sell or keep for sale such liquors."

† " In all criminal prosecutions in which the defendant relies for his justification upon any license, appointment or authority, he shall prove the same and until such proof, the presumption shall be that he is not so authorized."

settled that the burden is on the defendant to prove his authority to sell the liquor.* *Commonwealth* v. *Carpenter*, 100 Mass. 204.

*Exceptions overruled.*

---

\* At November term 1872, for Essex, were argued and determined

### COMMONWEALTH *vs.* BERNARD McBRIDE.
### SAME *vs.* WILLIAM TRAVERS.

THE FIRST of these cases was a complaint to the Police Court of Lynn against the defendant for unlawfully keeping intoxicating liquors with intent to sell the same unlawfully at Lynn on December 27, 1871.

THE SECOND of these cases was an indictment on the Gen. Sts. c. 87, §§ 6, 7, for keeping and maintaining a tenement in Salem for the illegal sale and keeping of intoxicating liquors on November 1, 1871.

At the trial of the first case, before *Putnam*, J., and of the second case, before *Wilkinson*, J., it appeared that the liquor kept by the defendant in each case was ale, and the defendant in each case requested the judge to rule that the burden of proof to show that the city in which the ale was kept did not permit ale to be sold was on the Commonwealth; but the judge refused so to rule. The jury in each case returned a verdict of guilty, and the defendant in each case alleged exceptions.

The cases were argued together by *S. B. Ives, Jr.*, for the defendants, and *C. R. Train*, Attorney General, for the Commonwealth.

BY THE COURT. It is settled that the burden of proof is on the defendant. *Commonwealth* v. *Dean, supra.* *Exceptions overruled.*