COMMONWEALTH *vs.* EDWARD COSTELLO.

Berkshire.    September 14. — 16, 1875.    AMES & DEVENS, JJ., absent.

The St. of 1875, *c.* 99, regulating the sale of intoxicating liquors, does not repeal the Gen. Sts. *c.* 87, §§ 6, 7 ; and a complaint which charges the defendant, in the words of the latter statute, with keeping and maintaining a common nuisance, is sufficient.

COMPLAINT to the District Court of Central Berkshire, under the Gen. Sts. *c.* 87, § 6, alleging that the defendant at Hinsdale, " on the first day of May, in the year of our Lord one thousand eight hundred and seventy-five, with force and arms, at Hinsdale aforesaid, in the county aforesaid, and on divers other days and times between that day and the twenty-first day of June, in the year of our Lord one thousand eight hundred and seventy-five, knowingly, willingly and unlawfully did keep and maintain a certain common nuisance, to wit: a tenement in said Hinsdale, there situate, then and on said other days and times there used for the illegal keeping and illegal sale of intoxicating liquors, against the peace of the Commonwealth, and contrary to the form of the statutes in such cases made and provided." ·

At the trial in the Superior Court, before *Rockwell*, J., on appeal, the defendant moved to dismiss the complaint and all proceedings, for the following reasons :

" 1. The complaint does not set forth any offence for which the defendant can be held.

" 2. All the allegations in said complaint may be proved, and yet the defendant not be liable under the same.

" 3. The complaint does not set forth any offence with that degree of certainty and precision required under the law.

" 4. It is no offence to keep intoxicating liquors. Only the sale, keeping or exposing for sale is made an offence under the law of 1875. The complaint must be for illegal sales, not for keeping a nuisance. No action can be maintained for keeping a common nuisance."

The judge overruled the defendant's motion. The jury returned a verdict of guilty ; and the defendant alleged exceptions.

*C. W. Van De Mark,* for the defendant. 1. The complaint is drawn under the Gen. Sts. *c.* 87, § 6. This section makes any building used for the sale of intoxicating liquors, legally or illegally, a nuisance. The St. of 1875, *c.* 99, authorizes the granting of licenses, when sales may be made legally. By § 22, all inconsistent acts or parts of acts are repealed. Section 6 of the Gen. Sts. *c.* 87, being inconsistent therewith, is repealed.

2. The St. of 1875, *c.* 99, regulates the sale of intoxicating liquor. By § 1, it is provided that nothing in said chapter contained shall apply to " sales of cider and of native wines by the makers thereof," not to be drunk on the premises. There is no law requiring a person to have a license or any authority whatever for the purpose of selling cider or native wines, not to be drunk on the premises., The defendant, relying on no license, appointment or authority for his justification in the trial of said action, the burden of proof changes to the Commonwealth, and the St. of 1864, *c.* 121, does not apply. The Commonwealth must therefore set forth in the complaint and prove that the defendant had no license or authority, and that the liquors were sold to be drunk on the premises. " It is an elementary principle of the criminal law, that a want of averment cannot be helped by evidence, and that a jury cannot convict a person of any crime, however clearly it may be proved, unless it is duly and technically set forth in the indictment." Bigelow, C. J., in *Green* v. *Commonwealth,* 12 Allen, 155, 171. *Commonwealth* v. *Phillips,* 16 Pick. 211.

The complaint should aver that the intoxicating liquors kept by the defendant were intoxicating liquors other than cider and native wine by the makers thereof, and not to be drunk on the premises.

*C. R. Train*, Attorney General, for the Commonwealth.

GRAY, C. J.   The St. of 1875, *c.* 99, regulating the sale of intoxicating liquors, and repealing the previous statutes upon the same subject, did not repeal the nuisance act, Gen. Sts. *c.* 87, §§ 6, 7, on which this complaint is founded. *Commonwealth* v. *Carpenter*, 100 Mass. 204. The complaint describes the offence in the words of that act, and is sufficient. *Commonwealth* v. *Kelly*, 12 Gray, 175. *Commonwealth* v. *Bennett*, 108 Mass. 27.

*Exceptions overruled.*