## COMMONWEALTH *vs.* WILLIAM FREDERICKS.

Suffolk.    November 22. — 27, 1875.    COLT, J., absent.

A complaint on the St. of 1875, *c.* 99, which charges the defendant with unlawfully selling intoxicating liquors, "not being then and there authorized to sell the same in said Commonwealth under the provisions of" that chapter, "or by any legal authority whatever," sufficiently negatives all authority of the defendant to sell intoxicating liquors, whether derived from the statute or from any other source.

The misnomer, in a complaint, of the defendant, which is not apparent on the record, cannot be availed of by motion to dismiss, but only by plea in abatement.

The record of the judgment of a Municipal Court, transmitted to the Superior Court on appeal, stated that A. was brought before the court on the complaint of B. setting forth that A. was guilty of the crime of unlawfully selling intoxicating liquors, ("as is more fully set forth in said complaint.") Annexed to the record of the judgment was a copy of the complaint, both papers being signed by the name of the clerk of the Municipal Court, with the addition of the word "Clerk,"

and both being attested by him as true copies. *Held*, that no error appeared upon the papers.

Irregularity in the proceedings upon a complaint in a Municipal Court is no ground for dismissing the complaint on appeal.

The St. of 1875, c. 99, authorizing the granting of licenses by the municipal authorities to sell spirituous and intoxicating liquors and requiring the payment of a fee or excise therefor, is constitutional.

COMPLAINT under the St. of 1875, c. 99, to the Municipal Court of the Charlestown District, by J. B. Cotton, charging William Fredericks with unlawfully selling intoxicating liquors in said district, on August 10, 1875, " to a person whose name is to your complainant unknown, he, the said Fredericks, not being then and there authorized to sell the same in said Commonwealth for any purpose under the provisions of chapter ninety-nine of the acts of the year eighteen hundred and seventy-five of this Commonwealth, or by any legal authority whatever; against the peace of said Commonwealth, and the form of the statute in such case made and provided."

In the Municipal Court the defendant moved to dismiss the complaint on the following grounds :

" 1. The complaint is insufficient, and does not set forth any offence known to the law.

" 2. It does not appear by any allegation that the defendant is not of the class of persons excepted under the provisions of the St. of 1875, c. 99, or that the intoxicating liquors that he is charged with selling are not of the kind permitted to be kept and sold without a license.

" 3. The statute under which the complaint is brought is unconstitutional and void.

" 4. The complaint charges William Fredericks with selling intoxicating liquors in violation of law; whereas the defendant's name is William A. Fredericks." This motion was overruled.

The defendant was tried, adjudged guilty and sentenced to pay a fine of $100 and costs, and appealed to the Superior Court. The record of the judgment of the Municipal Court, transmitted to the Superior Court, recited that the defendant was brought before the court on the complaint of J. B. Cotton, setting forth that "he the said Fredericks, on the tenth day of August eighteen hundred and seventy-five, at Boston aforesaid, and in said Charlestown District, was guilty of the crime of unlawfully selling in-

toxicating liquors, (as is more fully set forth in said complaint,) " and the record then proceeded in the usual manner. Annexed to the record was a copy of the complaint, signed " Daniel Williams, Clerk." The copy of the record was signed " Stephen P. Kelley, Clerk, *pro tem.;* " and both papers were certified to be true copies by " Daniel Williams, Clerk."

In the Superior Court, before *Bacon,* J., the defendant moved to dismiss the proceedings on the following grounds:

" 1. There is no description, in the papers transmitted to this court, of any offence known to the law of the land.

" 2. There is no copy of any conviction of the defendant upon any offence at law, or in proper judgment of the court appealed from, on any issue transmitted to this court, by the justice of the Municipal Court for the Charlestown District, or by the clerk thereof.

" 3. The papers transmitted to this court are insufficient, and no judgment can be rendered upon them in this court.

" 4. The proceedings of the court appealed from, and the record of its proceedings in this case as transmitted, are irregular, informal and defective, as appears of record in this court."

This motion was overruled; and the judge ruled that the copy of the complaint referred to in the judgment was a part of the record, and that upon the offence stated therein and in the judgment the defendant was to be tried.

The defendant then, and before the jury were empanelled, renewed his motion, made in the Municipal Court, to dismiss the complaint. This motion was also overruled, and the defendant was then tried.

The evidence introduced tended to show the sale, as alleged in the complaint, of a pint of whiskey, by the defendant, to a man whose name was unknown. No other testimony was offered.

The defendant asked the judge to rule as follows: " 1. That, upon the proceedings transmitted to this court, there was no offence, stated in proper legal terms, upon which the jury could find a verdict, or the court record a judgment. 2. That, under this complaint and judgment, there was no evidence to go to the jury to warrant a conviction." The judge declined so to rule as requested, and did rule that the offence was sufficiently alleged; that the proceedings transmitted were sufficient, and the evidence

introduced by the government, if the jury believed it, would warrant a verdict of guilty. The jury returned a verdict of guilty.

The defendant filed a motion in arrest of judgment on the following grounds:

" 1. There is no description in the complaint, judgment, or any of the papers transmitted to this court, of any offence known to the law of the land.

" 2. There is no copy of any conviction of the defendant upon any offence at law, or any proper judgment of the court appealed from, or any issue raised there, transmitted to this court by the justice of the Municipal Court of the Charlestown District, or by the clerk thereof.

" 3. The proceedings of the court appealed from, and the record of its proceedings in this case transmitted to this court, as appears of record, are irregular, informal and defective; so that no judgment ought to be rendered thereon.

" 4. The law, for the violation of which the defendant has been convicted, is unconstitutional and void." This motion was overruled, and the defendant alleged exceptions.

*G. W. Searle & J. W. Mahan,* for the defendant. 1. The court erred in overruling the motions to dismiss and in arrest. The second motion was seasonably made, and is to be presumed to have been received and acted on without objection on the score of time of filing. The complaint is insufficient, indefinite, and, in due form, charges no crime. The St. of 1875, *c.* 99, § 1, is not a general prohibitory law, but with exceptions distinctly expressed; it does not apply to sales of cider or native wines by the makers, or to sales by law. There can be no correct charge of an offence, which does not negative these exceptions, even though the exception is in the same section as the enactment. Where the exception constitutes an absolute ingredient, its denial must be distinctly averred. The general terms of the denial do not reach or cure the difficulty. They were manifestly intended only to negative the statutory words, or to apply to a defendant's liability to prove a license.

2. The motion in arrest should have been granted.

3. The St. of 1875, *c.* 99, is unconstitutional and void, both in its general outline and in its detail. There is no lawful authority to punish the vices of men, or to regulate trade and business

which are supposed to encourage vices. It is only when vices culminate in crimes that they can be made criminal, and their aiders regulated and controlled. The statute does not define what shall constitute criminal offences under it, or what shall be the nature or extent of punishments, and is uncertain and indefinite in its penalties. The fees are uncertain, not fixed by the Legislature, and the revenue of the state is left to the discretion of a municipal corporation, or of a body created by it. All criminal laws to be valid must be positive as to enactment, and uniform as to operation on all persons, and in all localities. There is no lawful authority for the legislator to divide his responsibility with his constituency, still less with a local portion of it. There has been no adjudication in this state sustaining this act. The law is unconstitutional, because the Legislature is the law-making power by the Constitution of the state, and cannot delegate its functions to the mayor and aldermen of cities, or the selectmen of towns, or to a board of commissioners. The complaint in all cases is in the name of the Commonwealth and for the violation of the law of the Commonwealth, and must, in order to constitute a crime, be universal in its application to the citizens of the Commonwealth. A certain act of one of its citizens cannot be made a crime and so punished by fine and imprisonment in one city or town, while the same act by the same citizen is made legal in another city or town. The law delegates to the mayor and aldermen of cities and selectmen of towns, or to a board of commissioners, a power strictly confined to the Legislature by the Constitution.

Section 6 of the law is ambiguous, vague and uncertain in its tenor and meaning; it says that each license shall be " expressed to be " subject to certain conditions, and not that it shall be ubject to such specific conditions — thereby implying that the license shall be said to be subject, while really it is not subject, to those specific conditions.

Section 13 provides that any person convicted of a violation of any of the provisions of his license, or of this act, shall be punished. This is too vague, as there is no provision of this act specially referred to; and to state generally that a person convicted of a violation of any of the provisions of the act shall be punished is uncertain, as the offence must be clearly set out for which a punishment is provided.

The provisions which are ambiguous and uncertain are so frequent that only a few are referred to. Section 6 provides that no spirituous or intoxicating liquors, except those the sale of which is allowed by the license, shall be kept on the premises described in the license. Is this to be construed to mean, that each license shall specify in quality and kind the specific liquors to be kept; or generally, that brandy, whiskey, &c., shall not be kept unless the license gives the right to do so? Section 1 provides that no person shall sell or export or keep for sale. Which provision of law is violated if a person is found to have on his premises certain spirituous and intoxicating liquors, but no specific allegation is made, in the complaint, of sale or exposure for sale? Section 6 also provides that the licensee shall not keep a public bar, and shall hold a license as innholder or common victualler. What is a public bar? And what is a private bar? Can the court judicially take notice of the meaning of the term " a public bar "? The act says, " shall hold a license as an innholder or common victualler." From whom? And, if a person holds a license as either for 1875 or a part of the year, why is not that sufficient under the law? And who is to grant this license which the licensee is to hold? A forfeiture is also provided for under the law. Which punishment is to take place, or both? The law in its entirety is a law inoperative and void, and contrary to the Constitution and the Declaration of Rights. See *State v. Weir*, 33 Iowa, 134; *Santo* v. *State*, 2 Iowa, 165, 203; *Geebrick* v. *State*, 5 Iowa, 491; *Ex parte Wall*, 48 Cal. 279; *Parker* v. *Commonwealth*, 6 Penn. St. 507.

*C. R. Train*, Attorney General, for the Commonwealth.

GRAY, C. J. There is no plausible ground for sustaining any of the exceptions taken and argued in this case.

1. The complaint distinctly and sufficiently negatives all authority of the defendant to sell intoxicating liquors, whether derived from the St. of 1875, c. 99, or from any other source. *Commonwealth* v. *Lafontaine*, 3 Gray, 479. *Commonwealth* v. *Gilland*, 9 Gray, 3. *Commonwealth* v. *Dunn*, 14 Gray, 401. *Commonwealth* v. *Costello*, 118 Mass. 454.

2. The alleged misnomer of the defendant, not being apparent on the record, cannot be availed of by motion to dismiss, but only by plea in abatement. *Commonwealth* v. *Dedham*, 16 Mass. 141

146. *Turns* v. *Commonwealth*, 6 Met. 224. *Crosby* v. *Harrison*, 116 Mass. 114.

3. No errors in the copies transmitted from the Municipal Court are pointed out in the motions or brief of the defendant, or are apparent upon the papers before us.

4. Any irregularities in the proceedings in the Municipal Court were rendered immaterial by the appeal which vacated the judgment of that court. *Commonwealth* v. *Holmes, ante,* 195.

5. The St. of 1875, *c.* 99, authorizing the granting of licenses by the municipal authorities to sell spirituous and intoxicating liquors, and requiring the payment of a fee or excise therefor, is constitutional and valid. *Commonwealth* v. *Blackington,* 24 Pick. 352. *Commonwealth* v. *Bennett,* 108 Mass. 27. *Commonwealth* v. *Martin,* 108 Mass. 29, note. *Commonwealth* v. *Dean,* 110 Mass. 357.

6. We perceive no ambiguity in the provisions of the statute, in any of the particulars referred to by counsel. The provision of § 6, that each license shall be subject to certain specified conditions, as well as the provisions of §§ 12, 13, for forfeiting the license upon breach of those conditions, clearly show that the license is subject to the conditions therein expressed. Section 13 prescribes the punishment for any violation of the statute. The provision of § 6, that certain classes of licenses "shall be subject to the further condition that no spirituous or intoxicating liquors, except those the sale of which is allowed by the license, shall be kept on the premises described in the license," signifies that only liquors of that kind, the sale of which is allowed by the license, shall be kept on the premises. The condition that "the licensee shall not keep a public bar," explains itself to all who read it. The further condition, that the licensee "shall hold a license as an innholder or common victualler" is shown by the very next sentence to mean such a license from the mayor and aldermen or selectmen. *Exceptions overruled.*