## COMMONWEALTH *vs.* GUSTAVUS HOYER.

Suffolk. June 27. — July 29, 1878. COLT & SOULE, JJ., absent.

A complaint, charging the defendant with the unlawful sale of liquor on the Lord's day, "not having then and there any license, authority or appointment to make such sale," is supported by proof that the defendant was the agent or bar-keeper of the licensee of the premises on which the sale was made, and that he was not authorized to make such sale; and is not vitiated by the fact that it is not sufficient in form as a complaint for violation of the Lord's-day act, or as a complaint for violation of the provisions of a license.

A complaint, charging the defendant with the unlawful sale of liquor on the Lord's day, "not having then and there any license, authority or appointment to make such sale," sets forth the act charged with sufficient formality.

COMPLAINT to the Municipal Court of the city of Boston, averring that Gustavus Hoyer, of Boston, on March 24, 1878, "that day being the Lord's day, at Boston aforesaid, and within the judicial district of said court, unlawfully did sell intoxicating liquors to a man whose name is unknown to said complainant, the said Hoyer not having then and there any license, authority, or appointment, according to law, to make such sale of said intoxicating liquors on the said Lord's day," &c.

At the trial in the Superior Court, before *Aldrich,* J., it appeared in evidence that the defendant made the sale at the time alleged. It was contended by the defendant and admitted by the government that the defendant was the agent or bar-keeper of the licensee of the premises in which the sale was made; but the defendant did not contend that he was authorized to make such sale.

The defendant asked the judge to instruct the jury as follows: "1. Under the form of the complaint in this case, the government must show that the defendant held a license as licensee of the premises in which the liquor alleged to be sold by him was sold, and that he was guilty of a violation of the license so held by him. 2. Under the present form of the complaint, the defendant cannot be convicted on the evidence in the case. 3. Under the facts in this case, the complaint should have been drawn under the Lord's-day act."

The judge declined to give these instructions; the jury returned a verdict of guilty; and the defendant alleged exceptions.

*M. Fischacher*, for the defendant.

*C. R. Train*, Attorney General, for the Commonwealth.

LORD, J. This is not a complaint against the defendant for violation of his license to sell intoxicating liquors. The defend-- ant was not a licensee. Nor did he claim that he was acting as agent or servant of a licensee. The equivocal phrase used in the bill of exceptions, that he " did not contend that he was authorized to make such sale," is to be construed that he did not contend that he was authorized by the licensee to make the sale. We say this is the proper construction, because the object is apparent, that the act done by the defendant should not be considered the authorized act of the licensee, and thus be the foundation for proceedings by which the license should be revoked. It is simply this : the person charged might, if the sale had been made at another time, have offered his employer's license in evidence as a justification. The fact that the sale is alleged to have been made upon the Lord's day does not vitiate the complaint, as a complaint for an unlawful sale of liquor, even although the charge is not sufficient in form as a complaint for doing unnecessary work on the Lord's day, or as a complaint for violating the provisions of a license. The act charged is an illegal act, set forth in sufficiently formal terms. *Commonwealth* v. *Fredericks*, 119 Mass. 199. The act is proved sufficiently. No justification or excuse is offered in defence.

*Exceptions overruled.*