CHARLES H. DECIE *vs.* MOSES BROWN & others.

Essex.    November 4, 1896. — January 8, 1897.

Present: ALLEN, MORTON, LATHROP, & BARKER, JJ.

*License to sell Intoxicating Liquors — Statute — Constitutional Law — Mandamus.*

The St. 1888, c. 340, entitled "An Act to limit the number of places licensed for the sale of intoxicating liquors," is in conflict neither with the Constitution of Massachusetts, Declaration of Rights, art. 6, nor with Art. XIV. sect. 1 of the Amendments to the Constitution of the United States.

PETITION, filed October 19, 1896, for a writ of mandamus to compel the license commissioners of the city of Newburyport to issue to the petitioner a license to sell intoxicating liquors under the first and fourth classes, as provided by the Pub. Sts. c. 100, and the acts amendatory thereof.

The petition alleged that the application was rejected for the sole reason that the said board of license commissioners was restricted by St. 1888, c. 340, and that but for such restriction, which provides that "the number of places licensed for the sale of such liquors shall not exceed one for each one thousand of the population," the board would have granted the license applied for.

The respondents demurred, assigning as grounds therefor, 1. That the writ of mandamus does not lie to compel the respondents to perform an act discretionary by law; 2. That they proceeded in accordance with the provisions of St. 1888, c. 340, and that the same was constitutional. They also filed an answer, reserving all rights under the demurrer, waiving the right to answer further, and submitting to the order of the court.

Hearing before *Allen*, J., who denied the petition, and reported the case for the determination of the full court.

*H. I. Bartlett & D. P. Page*, for the petitioner.

*R. E. Burke & E. S. Spalding*, for the respondents, were not called upon.

BARKER, J.    The petitioner having been refused a license because of the restriction imposed by St. 1888, c. 340, that the

number of places licensed shall not exceed one for each one thousand of the population, contends that the statute is unconstitutional because it in effect gives to the proprietors of licensed places unequal advantages and peculiar and exclusive privileges, and so conflicts with article 6 of the Declaration of Rights of the Constitution of the Commonwealth, and with Art. XIV. sect. 1 of the Amendments to the Constitution of the United States.

It is too late to question the validity of such statutes. This one does not differ in substance from any statute which forbids the carrying on of a trade or business, or the exercise of a profession, by other than licensed persons. Such statutes are upheld because the resulting exclusion of unlicensed persons is not designed to confer on those who are licensed an exclusive benefit, privilege, or right, and where that result does follow it is merely the collateral and incidental effect of provisions enacted solely with a view to secure the welfare of the community. See *Hewitt* v. *Charier*, 16 Pick. 353; *Commonwealth* v. *Blackington*, 24 Pick. 352; *Commonwealth* v. *Kimball*, 24 Pick. 359.

The limitation of the number of licensed places within the territory of a town or city is a reasonable exercise of the police power, and therefore is not in conflict with the Constitution of the Commonwealth or the Fourteenth Amendment to the Constitution of the United States. See *Commonwealth* v. *Bennett*, 108 Mass. 27; *Commonwealth* v. *Dean*, 110 Mass. 357; *Commonwealth* v. *Fredericks*, 119 Mass. 199; *Bartemeyer* v. *Iowa*, 18 Wall. 129; *Beer Co.* v. *Massachusetts*, 97 U. S. 25; *Crowley* v. *Christensen*, 137 U. S. 86; *Giozza* v. *Tiernan*, 148 U. S. 657.

It is unnecessary to consider whether, if the statute were void, a writ of mandamus could be ordered.

*Petition denied.*