# STATE EX REL. JONES v. BOARD OF COUNTY COMMISSIONERS OF NATRONA COUNTY.
## (No. 612.)

Intoxicating Liquors—Licenses—Constitutional Law—Statutes —Validity.

1. The sale of intoxicating liquors at retail may be restricted, limited, or prohibited within designated districts.

2. The statute (Laws 1909, ch. 7), providing that the board of county commissioners shall refuse to grant or extend any license for the sale of liquors at any place outside of incorporated cities and towns does not violate the constitutional provision that all laws of a general nature shall have a uniform operation (Const., Art. I, Sec. 34), since the statute operates equally and uniformly in the restricted district, and no territory within that district is excepted.

3. The holder of a license for the sale of liquors at a place outside of an incorporated city or town, who had been to considerable expense in fitting up the place where he was conducting his saloon, had on hand a quantity of liquors, and whose property would be greatly depreciated in value if he could not procure another license, is not deprived of his property without due process of law, within the meaning of Section 6 of Article I of the Constitution, by the Statute of 1909 forbidding the granting or extending of any such license.

4. Conceding, without deciding, that the effect of the statute of 1909, forbidding the granting or extending of any license for the sale of liquors at any place outside of incorporated cities and towns, was to permit those holding such licenses to continue in business until their respective licenses expired, the further effect of the statute was to limit the number of such licensed places during the period that existing licenses continued in force, which was within the power of the Legislature, and, therefore, the statute did not violate the provisions of Section 27 of Article III of the Constitution prohibiting the passage of local or special laws regulating county affairs, or granting any special or exclusive privilege, immunity or franchise.

5. Chapter 7 of the Laws of 1909, which provides that the county board shall refuse to grant any license or extend

any existing license for the sale of liquors at any place outside of incorporated cities and towns, does not violate any of the provisions of the State or Federal Constitutions, but is constitutional and valid.

[Decided December 9, 1909.]                    (105 Pac. 295.)

ON RESERVED QUESTIONS from the District Court, Natrona County, HON. CHARLES E. CARPENTER, Judge.

The facts are stated in the opinion.

*Norton & Hagens,* for relator.

The provisions of the Constitution are mandatory. (21 Am. St. 272; State ex rel. Hynds v. Cahill, (Wyo.) 75 Pac. 433.) A license authorizing the carrying on of a particular business is not a contract which vests a right, but merely the grant of a privilege, and such license is not protected by the Constitutional prohibition of the impairment of the obligation of a contract. It may at any time be revoked by a general law operating equally upon all persons in the same class. (8 Cyc. 938; 15 Atl. 891, (Pa.); 17 N. W. 47, (Iowa); 24 Atl. 188, (Pa.); 37 N. W. 329, (Ia.); 34 N. W. 659, 667; 4 So. 1, (La.); 49 Conn. 591; 6 N. W. 667, (Mich.); 42 Md. 71; 72 U. S. (5 Wall.) 462; 44 O. St. 539; 77 Ind. 213; 23 Neb. 371; 47 Am. Rep. 648; 130 Mass. 158; 20 Am. Rep. 83; 17 N. W. 47; 5 Gray (Mass.) 597; 103 Mass. 70; 36 Ill. 301.) The constitutional restrictions upon legislative enactments apply equally to subordinate corporations, municipalities and boards created by the legislature. (33 Am. St. 842; 57 Am. Rep. 128.) A law which is general in form but special in effect is a special law and therefore contrary to the constitutional provision which requires all laws of a general nature to be uniform. A law general upon its face but which has effect only upon particular individuals is nevertheless class legislation and unconstitutional. So, a law which does not designate the particular persons or individuals which it affects, but leaves its execution to an individual or body of individuals, to be exercised by them

arbitrarily and without express limitation, which must necessarily affect all persons in the same class alike, is, nevertheless, class legislation and void.    (32 Am. St. 36; 28 N. E. 812; 58 N. E. 1031; 75 Am. St. 93; 32 Am. St. 36; 37 N. W. 21; 118 U. S. 356; 33 Am. Rep. 233.) Statutes and ordinances which permit subordinate officers to grant or deny to individuals in the same class the privilege of engaging in certain kinds of business is uniformly held unconstitutional and void as class legislation.    (88 Pa. St. 258; 84 Ill. 590; 31 Ohio St. 592; 106 Pa. St. 377; 44 O. St. 248; 47 O. St. 90.)

The relator has been engaged in the retail liquor business in a certain place outside of an incorporated city or town for many years, holding licenses authorizing him to conduct such business; he has acquired considerable property adapted to the use of that particular business; and his license would expire shortly after the statute in question was enacted.    There are other individuals no better qualified than the relator to engage in the same business whose licenses might not expire until the end of the year, or several months after the expiration of the relator's license.    The legislature had undoubted authority to revoke all licenses by a general law operating uniformly upon all persons in the same class.    The statute in question does not apply equally to all persons in the same situation.  · (Crowley v. West, 78 Am. St. 355; State v. Kuntz, 16 So. 651; Mandeville v. Band, 35 So. 915; State v. New Orleans, 36 So. 999; Zanone v. Mound City, 103 Ill. 552; City v. Wehrung, 46 Ill. 392; City v. Popel, (Ill.) 36 N. E. 348; Mitchell v. State, (Ala.) 32 So. 687; Elba v. Rhodes, (Ala.) 38 So. 807.)    The statute discriminates between persons proposing to sell liquors within incorporated cities and towns and those proposing to sell liquors outside of cities and towns.    (Chicago v. Netcher, 75 Am. St. 93; Rawlins v. State, 28 L. Bull. 66; Smith v. State, (Ga.) 15 S. E. 682; Crabb v. State, (Ga.) 15 S. E. 455; State v. Hinman, 65 N. H. 103; State v. Pennoyer, 65 N. H. 113; Busch v. Webb, 122 Fed. 655; Noel v. People, (Ill.) 58 N. E. 616;

State v. Gordon, 58 O. St. 599; 9 So. 480; 6. O. St. 269;
83 Ill. 585; 183 U. S. 79; 118 U. S. 356; 31 Pac. 245;
82 Fed. 632; 26 Fed. 471, 611; 13 Fed. 229; 10 Pac.
327; 33 Am. Rep. 243.)

Legislation which singles out certain corporations, such
as railways, &c., which applies to them only, but might as
well include other corporations, are unconstitutional and
void. (19 S. W. 910; 23 Fed. 791; 7 N. E. 631; 10 S.
E. 287; 109 U. S. 24; 13 Fed. 722; 110 U. S. 525; 22
S. W. 350; 31 N. E. 395; 25 Am. St. 891; 6 Am. Dec.
174; 15 Nev. 234; 118 Pa. St. 201; 110 Fed. 916.) An
ordinance requiring a license from produce dealers but not
requiring other merchants to take out a license is uncon-
stitutional. (Kans. City v. Grush, 52 S. W. 286.) Also,
one which prohibits all persons not residents of the city
to engage in peddling or selling goods from house to house
without a license is void. (Sayre &c. v. Phillips, 33 Am.
St. 842; Graffty v. Rushville, 57 Am. Rep. 128; 100 Pac.
296.) In the cases cited, statutes which plainly discrimi-
nate between individuals in the same class; those where
the discrimination was not apparent except in their indirect
effects; those which delegated to subordinate corporations
and boards the power to arbitrarily discriminate; in what-
ever form the question was submitted, such statutes have
been held void, no matter what the business might be, so
long as the law granted privileges to certain persons which
were denied to others in the same class.

By the statute in question the relator is deprived of his
property without due process of law. (State v. Wallruff,
26 Fed. 178; Beebe v. State, 63 Am. Dec. 391; Bartel-
meyer v. Ohio, 18 Wall. 129; Winehamer v. People, 13
N. Y. 378; Com. v. Murphy, 10 Gray 1; People v. Toin-
bee, 2 Park. Cr. 329.) A law which discriminates between
individuals in the same class, and thereby grants to certain
individuals the exclusive privilege of engaging in a certain
business, trade or profession, either throughout the state
or in certain designated localities, creates a virtual mo-
nopoly and is inimical to that provision of the constitu-

tion which prohibits the granting to any corporation, as-sociation or individual any special or exclusive privilege, immunity or franchise. (Sayre v. Phillips, *supra;* Graffty v. Rushville, *supra;* Mandeville v Band, *supra;* Crowley v. West, *supra;* Elba v. Rhodes, *supra;* Mitchell v. State, *supra.*) If the business is pernicious, and needs regula-tion for reasons of public policy, such regulation should operate uniformly upon all persons and not give to one individual an exclusive privilege, and deny it to others in like circumstances. (33 Am. St. 842, (Pa.) ; 57 Am. Rep. 128, (Ind.) ; 35 So. 915; 27 So. 53, (La.) ; 32 So. 687, (Ala.) ; 38 So. 807, 810, (Ala.).) The business of selling liquor was not unlawful at common law. (23 Cyc. 172; Welch v. State, (Ind.) 25 N. E. 883; State v. Hafsoos, (S. Dak) 47 N. W. 400; Sopher v. State, (Ind.) 81 N. E. 913; State v. Gilliland, (W. Va.) 41 S. E. 131; Meehan v. Comm'rs, (N. J.) 64 Atl. 689.) Under the police power the Legislature has authority to make reasonable regulations with reference to the liquor business. The common law, so far as applicable, is part of the law of the land, and where our constitution or the Legislature, by constitutional enactment, has not expressly prohibited the sale of liquor, it is as lawful as though it had been affirmatively recognized by the constitution. Further, the business is recognized by our Legislature as lawful, since a general prohibitory law has not been en-acted, but the business is permitted under license upon cer-tain conditions. There is no merit, therefore, in the con-tention that cases applied to other business than the sale of liquor are not applicable in this case. When the state authorizes the conduct of the retail liquor business, and grants a license to engage therein, the Legislature is pro-hibited by the constitution from granting the privilege of a license to one individual without granting the same privi-lege to all others equally qualified. The doctrine that no one has an inherent right to sell intoxicating liquors merely means that such a right is subject to the police power of

the state. (Curr. L. Sec. 418; Sopher v. State, 81 N. E. 913.)

*W. E. Mullen*, Attorney General, and *John B. Barnes, Jr.*, County Attorney, for respondent.

All statutes regulating or prohibiting the manufacture and sale of intoxicating liquors are enacted under what is known as the police power of the state. There is a certain broad and general sense in which the scope of the police power may be made to include all legislation and to embrace almost every function of governmental activity. There is also a more particular and restricted sense, in which the term is almost always used when it enters into the discussion of constitutional questions, and especially in connection with the regulation or prohibition of the manufacture and sale of intoxicating liquors. In this manner, this scope is limited to the protection and preservation of the public safety, the public health, and the public morals. (Beer Co. v. Mass., 97 U. S. 25.) We do not deny, but concede, that constitutional provisions are mandatory, and that a license is not a contract, and therefore is not affected by the constitutional prohibition as to the impairment of the obligation of contract.

It is universally recognized, that the states, in the exercise of their police powers, have authority to regulate, or entirely prohibit, the manufacture and sale of intoxicating liquors. (*In re.* Raher, 140 U. S. 545; Munn v. Illinois, 94 U. S. 113; Beer Co. v. Mass., 97 U. S. 25; Foster v. Kansas, 112 U. S. 205; Crowley v. Christensen, 137 U. S. 86; Mugler v. Kansas, 123 U. S. 623; Bartelmeyer v. Iowa, 18 Wall. 129; Sheppard v. Dowling, 127 Ala. 1; Foster v. Police Comm'rs, 102 Cal. 483; People v. Griesback, 211 Ill. 39; Drake v. Kaiser, 73 Ia. 703; Dickinson v. Brewing Co., 73 Ia. 705; Matter v. Jahn, 55 Kan. 694; State v. Durien, (Kan.) 78 Pac. 152; *In re.* O'Brien, 29 Mont. 530; Rowels v. State, 39 Neb. 659; Sandys v. Williams, (Ore.) 80 Pac. 642; Burke v. Collins, (So. Dak.) 99 N. W. 1112; State v. Ludington, 33

Wis. 107; Noble v. Cheyenne, 7 Wyo. 417; Lincoln v. Smith, 27 Vt. 328; Board v. Barrie, 34 N. Y. 657.) There is no discrimination by the statute in controversy between persons, but only as to locality. That this is a valid and proper exercise of the police power and is not repugnant to the constitution requiring all laws to have a uniform operation is well settled. (State v. Berlin, 21 S. C. 292; Heck v. State, 44 O..St. 536; Driggs v. State, 52 O. St. 37; R. R. Co. v. Iowa, 94 U. S. 155; McCutchen v. Ry., 81 S. C. 71; Morrow v. Wipf (S. D.), 115 N. W. 121; McGarvey v. Swan (Wyo.), 96 Pac. 697; Creekmore v. Com., 11 Ky. L. Rep. 566; Martin v. Blattner, 68 Ia. 286.)

Statutes prohibiting sales of intoxicating liquors in certain localities are not in violation of any state or federal constitution, provided they apply equally to all persons within the territorial limits prescribed in the statute, and there is no constitutional objection to statutes prohibiting such sale outside of a town or city and permitting it under licenses within towns and cities, or prohibiting the sale within a designated distance of a town. (Black. Intox. Liq., Sec. 40; 17 Ency. Law (2nd Ed.), 214, 215; McCuen v. State, 19 Ark. 630; Heck v. State, 44 O. St. 536; Driggs v. State, 52 O. St. 37; State v. Berlin, 31 S. C. 292; U. S. v. Ronan, 33 Fed. 120; *In re.* Hoover, 31 Fed. 51; State v. Pond, 93 Mo. 606; Noble v. Cheyenne, 7 Wyo. 417.) In some of the cases cited in the relator's brief it appears that it was undertaken to enforce an arbitrary discrimination, and that in regard to a business which in its nature is not harmful or against public policy. In the case at bar the law applies to all persons similarly situated, *i. e.,* cities and towns, and makes all uniformly subject to its provisions. The business of selling liquor may rightfully be restricted by provisions which might be obnoxious as an illegal restraint of trade, if applied to other pursuits. (Black Intox. Liq., Sec. 134; Beer Co. v. Mass., 97 U. S. 25; Schwuchow v. Chicago, 68 Ill. 444; 10 Curr. Law, 1025.) The doctrine announced in the Louisiana cases cited in the relator's brief do not apply in this case, because in that state

the business of retailing liquors is recognized and placed among the lawful callings by the Constitution. The statute here under consideration is one of a general nature, and comes clearly within the constitutional requirement that it shall have a uniform operation.

Prohibitory legislation as to the manufacture or sale of liquors does not operate to deprive a person of property without due process of law, from the fact that it decreases the value of property which is chiefly valuable for the purposes to which it is adapted. (Mugler v. Kans., 123 U. S. 625; Busch v. Webb, 122 Fed. 655; Freund Pol. Power, 569; Tanner v. Alliance, 29 Fed. 196; Drake v. Kaiser, 73 Ia. 703; Dickinson v. Brewing Co., 73 Ia. 705; People v. Gallagher, 4 Mich. 244.) "Due process of law" means the same in the Federal and State Constitutions. (McGarvey v. Swan (Wyo.), 96 Pac. 697.) The statute does not abridge the privileges and immunities of citizens of the United States. (Freund Pol. Power, Sec. 229; Crowley v. Christensen, 137 U. S. 86; State v. Richardson (Ore.), 85 Pac. 225; McAunich v. R. R. Co., 20 Ia. 343; Williams v. State (Tex.), 107 S. W. 1121; Ry. Co. v. Iowa, 94 U. S. 155; Tragresser v. Gray, 73 Md. 250; Sandys v. Williams (Ore.), 80 Pac. 642; *Ex parte* Hall (Ala.), 47 So. 199; Bartelmeyer v. Iowa, 18 Wall. 129.) By all the later decisions, local option and state dispensary laws are held a valid exercise of the police power and open to no constitutional objection. (Freund Pol. Power, 217, 266; State v. McIlvenna (S. D.), 113 N. W. 878.) The chapter is not a special law prescribing duties of county officers. The relator must show a clear legal right to the writ of mandamus before it will be granted. (19 Ency. L. (2nd Ed.), 725; People v. Cratty, 93 Ill. 180; People v. R. R. Co., 55 Ill. 110.) The mere fact that other persons holding licenses that might or might not permit them to sell for a longer period than the relator has nothing to do with the validity of the law. To obtain a license is not a matter of right. If some licenses run longer than relator's, the whole matter is one of legislative discretion

and does not deny to relator any privilege or immunity
whatever.   Should there be any uncertainty as to the re-
lator's right, it should be resolved against him.   (Crabbe v.
Miller, 129 Mo. App. 390;  Nagle v. U. S., 3 Wyo. 351;
Menkin v. Atlanta, 2 S. E. 559; 4 S. E. 154; 3 S. E. 414.)

BEARD, JUSTICE.

The relator, Hayden E. Jones, applied to the Board of
County Commissioners of Natrona County for a retail
liquor dealer's license at a place in said county outside of
any incorporated city or town.   The Board refused to
issue the license, on the sole ground that it was prohibited
by law from issuing such license.   The relator then com-
menced this proceeding in mandamus against said Board,
in the District Court of said county, to compel it to issue
a license.   A general demurrer was filed by said Board
to the petition of relator, and an agreed statement of the
facts was entered into by the parties, from which it appears
that prior to February 15, 1909, the date of his applica-
tion, the relator held a license as a retail liquor dealer at
the place mentioned in his application, which license would
expire April 3, 1909; that his application was in due form;
that he was a proper person to receive a license; that he
had been to considerable expense in fitting up his place
where he was then conducting his saloon and had on hand
a quantity of liquors; and that his property would be
greatly depreciated in value if he was not granted a license.
That several other persons held licenses in said county out-
side of any incorporated city or town which would not
expire for some months after that of relator.   It was fur-
ther stipulated, for the purposes of this case only, that the
relator's right to the relief prayed depends solely upon the
question of the constitutionality of Chapter 7, Session Laws
1909.   The case was presented to the District Court upon
the petition, demurrer thereto and the agreed statement.

The court, considering that important and difficult con-
stitutional questions arise in said cause, upon its own mo-
tion and by request of the respective parties, reserved and

has certified to this court· for its decision the following questions, viz.:

"1.   Does Chapter 7, of the Session Laws of Wyoming, 1909, contravene the provisions of Article I, Section 34, of the Constitution of the State of Wyoming, which provides that all laws of a general nature shall have a uniform operation?

"2.   Does Chapter 7, of the Session Laws of' Wyoming, 1909, contravene the provisions of Article I, Section 6, of the Constitution of the State of Wyoming, which provides that no person shall be deprived of life, liberty or property without due process of law?

"3.   Does Chapter 7, of the Session Laws of Wyoming, 1909, contravene Article III, Section 27, of the Constitution of the State of Wyoming, which provides that: 'The Legislature shall not pass local or special laws in any of the following enumerated cases, that is to say: Regulating county or township affairs; granting to any corporation, association or individual any special or exclusive privilege, immunity or franchise whatever, or prescribing the powers or duties of offices in counties. In all other cases where a general law can be made applicable, no special law shall be enacted'?

"4.   Is Chapter 7, of the Session Laws of Wyoming, 1909, constitutional and valid, or is it unconstitutional and void?

"5.·  Are the provisions of Chapter 7, of ·the Session Laws of Wyoming, 1909, now in full force and effect, or are they void and of no effect?

"6.   Is Section 2, of Chapter 43, of the Session Laws of Wyoming, 1901, now in full force and effect?"

Chapter 7, Session Laws 1909, is as follows:

"Section 1.   That Section 2163 of the ·Revised Statutes of Wyoming, 1899, as amended by Section 2 of Chapter 43 of the Session Laws of 1901, be and the same is hereby amended and re-enacted so as to read as follows:

"Section 2163.   Before any license shall be granted for the sale of liquors, the applicant therefor shall file his

written application for such license in the office of the county clerk. Said application shall contain a full and accurate description of the building in which liquors are to be sold, and a full and accurate description of the premises on which such building is located. All applications for county license · shall be heard at the second regular meeting of the Board of County Commissioners which shall occur subsequent to the filing of the application. Provided, however, That in counties in which the Boards of County Commissioners are not required by law to meet monthly, notice of such application with a full and accurate description of the buildings and premises where liquors are intended to be sold, shall be given by publishing the same for four weeks successively in some newspaper published and of general circulation in the county, or if no newspaper is published therein, by posting for four weeks as aforesaid written or printed notices in five of the most public places in the vicinity of the said premises and such application in such county shall be heard at the next regular meeting of the Board of County Commissioners after the completion of said time. All county licenses shall be granted by the Boards of County Commissioners of the several counties, and they shall have power to grant licenses only to persons of good moral character who are freeholders in this State. Provided, That said Board shall refuse to grant any license or extend any existing license for the sale of liquors at any place outside of incorporated cities and towns.

"Sec. 2. This act shall take effect and be in force from and after its passage.

"Approved February 9th, 1909."

It is conceded by counsel for relator in their brief that "statutes prohibiting sales of intoxicating liquors in certain localities are not in violation of any State or Federal constitutional provisions, provided they apply equally to all persons within the territorial limits prescribed in the statute." It was held by this court in Noble v. City Council of Cheyenne, 7 Wyo. 417, that the sale of intoxicating

liquors at retail might be restricted, limited or prohibited within designated limits. And that seems to be the settled law on that question. See Grumback v. Lelande (Cal.), 98 Pac. 1059, and cases there cited. The case is also in point on other questions in the case at bar.

It is contended by counsel for relator that Chapter 7 contravenes the provisions of Article I, Section 34 of the Constitution of the State, which provides that "all laws of a general nature shall have a uniform operation." The statute operates equally and uniformly in all territory outside of incorporated cities and towns, that is to say, within the restricted district; and no territory within such district is excepted. It has not been pointed out or are we able to see wherein the law fails to operate uniformly within the prohibited territory.

It is also urged that the statute contravenes Article I, Section 6, of the Constitution, which provides that "no person shall be deprived of life, liberty or property without due process of law." We do not regard that as now an open question. It was held in Mugler v. Kansas, 123 U. S. 623, that the laws of that state prohibiting the manufacture and sale of intoxicating liquors did not violate the provisions of the Fourteenth Amendment to the Constitution of the United States declaring, "nor shall any State deprive any person of life, liberty, or property, without due process of law." If the law of Kansas did not deprive Mugler of his property without due process of law, neither does the statute under consideration deprive the relator of his property without due process of law within the meaning of our Constitution. To enter upon a discussion of that question here would be merely to repeat what was said in that case and to add words to what was there finally settled, and has been, so far as we are advised, uniformly followed.

The chief contention of counsel for relator is, however, that the statute violates the provisions of Article III, Section 27, of the Constitution, which provides that "the Legislature shall not pass local or special laws in any of the

following cases, * * * regulating county or township affairs; * * * granting any corporation, association or individual, the right to lay down railroad tracks, or any special or exclusive privilege, immunity or franchise whatever, * * * In all other cases where a general law can be made applicable no special law shall be enacted." It is urged that because certain persons within the territory outside of incorporated cities and towns held unexpired licenses at the time the statute went into effect, that it created a privileged class and granted privileges to one class which it denied to others similarly situated. It was said by this court in the Noble case, *supra,* "It is a fundamental principle that there is no inherent right in a citizen, or any one, to sell intoxicating liquors by retail, and that there is not a vested right in any person to have a liquor license." And in New Orleans v. Smythe, 116 La. 685, 41 So. 33, 6 L. R. A. (N. S.) 722, "It must be remembered that no person has a vested constitutional right to retail intoxicating liquors and that the power of the lawmaker to prohibit or regulate such an occupation is practically unlimited. It has been held that the Legislature may confine the sale of intoxicating liquors to certain places, and may limit the number of licenses in any given locality." In the case last cited and quoted from, an ordinance of the City of New Orleans which provided "that hereafter it shall not be lawful for anyone to set up or establish any barroom, * * * without permission of the city council previously applied for in writing, which shall be accompanied by the written consent of a majority of the bona fide property holders within 300 feet," etc., was attacked on the ground that it discriminated in favor of persons conducting barrooms already established at the date of its adoption. But the Supreme Court of that State held that the parties were not similarly situated; the one having a right, at the time, recognized by law, and the other a mere hope or expectation of embarking in the same calling at a future day, and held the ordinance valid.

The case of Mandeville v. Band, 111 La. 806, is much

relied upon by counsel for relator. It is said of that case in the note to New Orleans v. Smythe, 6 L. R. A. (N. S.) 722, *supra,* "the exact point discussed in New Orleans v. Smythe, as to whether a law is valid which discriminates in favor of saloons and barrooms already established, has not frequently arisen, but where it has, the rule seems to be generally that such discrimination does not invalidate the law. The case of Mandeville v. Band, 111 La. 806, 35 So. 917, appears to be the only case which holds the contrary view." And in Com. v. Petri, 28 Ky. L. Rep. 940, 90 S. W. 987, a statute prohibiting the sale of liquors by persons without a license, except keepers of taverns then existing upon a designated road, was held valid. And in Sandys v. Wililams, 46 Ore. 327, 80 Pac. 642, an ordinance of the City of Portland providing that "no person engaged in selling spirituous, malt or fermented liquors or wines in quantities less than one quart in any saloon, barroom or restaurant in the city of Portland, shall sell any liquor to be delivered or used or that shall be delivered or used in any side room, back room, upper room or other apartment in the same or an adjoining building, and shall not maintain therein or connect therewith any alcove, booth or box * * * provided, that nothing herein contained shall prohibit the serving of such liquor to guests in a hotel having a valid license to sell the same," was held to be valid. In the opinion Mr. Justice Moore quotes with approval the following from White v. Holman, 44 Ore. 180: "However partial it may seem, the State can create a monopoly of any business that may lawfully be prohibited by it on the grounds of public policy, without violating any constitutional inhibition, because no person possesses an inherent right to engage in any employment, the pursuit of which is necessarily detrimental to the public." And in Decie v. Brown, 167 Mass. 290, a statute limiting the number of licensed places to one for each one thousand of the population was held valid. The court said: "Such statutes are upheld because the resulting exclusion of unlicensed persons is not designated to confer on those who are licensed an exclu-

sive benefit, privilege or right, and where that result does follow it is merely the collateral and incidental effect of provisions enacted solely with a view to secure the welfare of the community" (citing cases). "The limitation of the number of licensed places within the territory of a town or city is a reasonable exercise of the police power, and therefore is not in conflict with the Constitution of the commonwealth or the Fourteenth Amendment to the Constitution of the United States." Citing: Commonwealth v. Bennett, 108 Mass. 27; Com. v. Dean, 110 Mass. 357; Com. v. Fredericks, 119 Mass. 199; Bartemeyer v. Iowa, 18 Wall. 129; Beer Co. v. Mass., 97 U. S. 25; Crowley v. Christensen, 137 U. S. 86; Geozza v. Tierman, 148 U. S. 657.

But we are not without an authority upon the precise question under consideration. (Andreas v. City of Beaumont, 113 S. W. 614, Court of Civil Appeals of Texas.) The facts of that case were exactly the same as those in the case at bar, and that court said: "Appellant attacks the ordinance on the further ground that, inasmuch as, by its terms, it did not interfere with two other persons who were also engaged in the saloon business without saloon limits, for the period of six and ten months respectively, after the adoption of the ordinance, while he was denied the right to continue the business after a little less than three months after the ordinance was passed, at which time his license expired, was such unjust and unreasonable discrimination against him as to render the ordinance void. The facts disclose that, at the time of the adoption of the ordinance, appellant and two others were conducting saloons in the territory without the prescribed limits under licenses theretofore procured. The ordinance expressly undertook to protect alike all persons who, in good faith, had paid for and obtained license to conduct saloons without the limits, in order to avoid a forfeiture. No license has been issued to any person to sell without the limits since the ordinance went into effect. The ordinance applied to and affected all those not in the saloon limits alike,

in that it permitted each to carry on his business as long as the license permitted him to do so. When appellant's license expired, he was bound to quit. When the licenses held by the two others expire, they are bound to quit; and the fact that the ordinance, instead of working a forfeiture of the license, as it probably could have done, permits each licensee to continue his business until his license expired by its own limitation, does not unreasonably discriminate against appellant because his happened to expire first. (Commonwealth v. Petri, 90 S. W. 987, 28 Ky. Law Rep. 940.)" In that case the ordinance went farther than the statute we are considering, in that, by express terms, it authorized those holding unexpired licenses to continue in business until such licenses expired. Our statute does not do so in terms, and all that can be reasonably claimed for it is, we think, that by implication it does so. As between those holding licenses and all others it makes no distinction or discrimination so far as obtaining licenses in the future is concerned. Granting that the effect of the statute is to permit those holding licenses outside of incorporated cities and towns the right to continue in business until their licenses expire, the further effect of the statute is simply to limit the number of licensed places during that period, which the Legislature had power to do.

We are of the opinion that Chapter 7 of the Session Laws of 1909 does not violate any of the provisions of either the State or Federal Constitution, and is constitutional and valid. So holding, it becomes unnecessary to return specific answers to the several questions reserved.

POTTER, C. J., and SCOTT, J., concur.