## HERMAN E. MALMO'S APPEAL FROM COUNTY COMMISSIONERS.

Third Judicial District, New Haven, June Term, 1900.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

Under the provisions of Chap. 223 of the Public Acts of 1899 ( p. 1138), concerning the granting of liquor licenses, neither the county commissioners, nor the Superior Court on appeal, have the power to refuse a license to any applicant who is duly found and adjudged to possess the prescribed statutory qualifications. The Act of 1899 gives to every qualified applicant the right to a license, and eliminates from the license law the power of refusal theretofore exercised by the county commissioners.

No special order or direction by the Superior Court to the county commissioners is necessary to entitle a successful applicant to a license. The Act assumes that the commissioners will issue the license upon receipt by them of a certified copy of the judgment of the Superior Court, which the statute provides shall be sent to them.

The finding as to "suitability" of applicant or place in liquor license hearings, involves a discretion which is not reviewable, and alleged errors of the trial court in the admission of testimony and the conclusion reached in the lawful exercise of that discretion, cannot be considered on appeal.

The duty of arbitrarily dividing the license towns of the State into localities and determining from time to time how many liquor licenses may safely be granted in each, is one that may be satisfactorily performed by an administrative board like the county commissioners, but is not one for which the Superior Court is adapted, even if such duty can constitutionally be imposed upon it.

Such duty is not imposed upon that court by the Act of 1899.

Argued June 8th—decided October 4th, 1900.

APPLICATION for a liquor license, brought to the County

Commissioners in Fairfield County and thence by appeal of the applicant to the Superior Court in said county, and tried to the court, *Shumway, J.;* facts found and judgment rendered in favor of the applicant, and appeal by the county commissioners for alleged errors in the rulings and findings of the court. *No error.*

The appeal assigns error (1) in setting aside the action of the county commissioners and rendering judgment that the applicant is by law entitled to a license; (2) in making a specific order on the commissioners to grant a license to the applicant; and (3) in the conduct of the court in respect to the admission of testimony, and in reaching the conclusion that the applicant and his place of business were "suitable" within the meaning of the statute.

*George P. Carroll,* for the appellants (the county commissioners).

*Stiles Judson, Jr.,* and *John J. Cuneo,* for the appellee (the applicant).

HAMERSLEY, J. The legislature may regulate, even to the extent of prohibition, any business in its nature injurious to the public. Whether the public injury is such as to require absolute prohibition, or permission on terms fixed by the legislature, as well as the appropriate nature of such terms, are questions in most cases within the power of the legislature to settle. *State* v. *Conlon,* 65 Conn. 478, 484.

The Prohibition Act of 1854 was based on a legislative finding that the sale of intoxicating liquors as a beverage was so injurious to the public as to justify its absolute prohibition. This court sustained the power of the legislature to make that finding. *State* v. *Wheeler,* 25 Conn. 290, 292. Such power has also been sustained by the courts in other jurisdictions. The License Act of 1872 was based on the same legislative finding; but that Act with its various amendments vested in towns the power to modify the absolute restriction within their limits, and in selectmen and county commission-

ers (subsequently in county commissioners) the power to remove the restriction as to any person within the territorial limits of towns which had exercised the power thus given them.

The legislature may validly vest in towns and administrative boards this power of continuing or removing, as to localities and persons, its general absolute prohibition to carry on this dangerous business. *State* v. *Wilcox*, 42 Conn. 364, 370, *et seq.*

The power of selection for appointment, or of refusing to remove the general prohibition as to any person (whether possessing the statutory qualifications or not), was not imposed upon the Superior Court by the Act of 1893 allowing appeals.

It is obvious that the Appeal Act of 1893 operated in a very different way in a case where a license had been granted, from that in one where a license had been refused. The License Act delegated to county commissioners the power of selecting the persons as to whom the restriction could be safely removed (nothing but the inherent danger of the business could justify such a delegation), but it forbade the exercise of this power unless certain statutory qualifications existed; at first the single one of "suitableness," and subsequently a number of specific qualifications. The selection of a person not possessing these qualifications was, therefore, illegal. The Appeal Act of 1893 furnished a judicial process for setting aside this illegal action. Upon the finding of the illegality, the invalidity of the action was established; it was thereby adjudged that the county commissioners had no power to select that person. On the other hand, a refusal to grant a license could not be illegal, unless it were based wholly on an erroneous finding that the applicant did not possess the statutory qualifications; by means of the appeal process the Superior Court might set aside the action wholly based on such illegal finding; but a judgment of that nature could not affect the power of the county commissioners to refuse a license, as in the case of an appeal by a taxpayer it did affect their power to grant. The judgment simply removed the legal objections which were the sole basis of the

refusal, and it then became the duty of the commissioners to act on the application as one wholly free from any legal limitation upon their power to grant.

In *Malmo's Appeal*, 72 Conn. 1, 10, it was claimed that the appeal Act of 1893 changed the existing law so as to deprive the county commissioners of their power of selection, and compelled them to license whoever came within the statutory qualifications ; but we held that the Act did not have such effect, and said: " The legislature may alter the law and give to every citizen a legal right, upon complying with prescribed conditions, to a license to sell intoxicating liquors; but such alteration would involve the abandonment of a main principle underlying the present legislation, and cannot be inferred from the Act of 1893 authorizing appeals." After this decision was announced " An Act concerning Appeals from County Commissioners " was passed (Public Acts of 1899, p. 1138),* under which the present application is

---

* SECTION 1. An applicant for a license for the sale of spirituous and intoxicating liquors whose application has been refused by the county commissioners may appeal from such adverse decision to the superior court, and any person whose license for such sale has been revoked by the county commissioners may in like manner appeal to the superior court.

SEC. 2. Upon such appeal the county commissioners may enter and be heard as parties defendant ; and any taxpayer of the town may enter and be heard as a party defendant.

SEC. 3. Upon such an appeal the reasons of the county commissioners in refusing the application or in revoking the license may be received as evidence and the court shall hear evidence as to the suitability of the person applying for the license or its continuance and of the place in reference to which the license is applied for, or has been revoked ; and it shall consider the question, whether too many saloons are already in the locality. Upon all these questions the court shall make a finding.

SEC. 4. If the court finds the issues in favor of the applicant the county commissioners shall grant him a license for the remainder of the license year.

SEC. 5. Costs shall be taxed in favor of the prevailing party the same as in civil actions ; provided, however, that no costs shall be taxed against the county commissioners.

SEC. 6. Whenever any person aggrieved by a decision of the county commissioners, made since November first, 1898, refusing to grant him a license to sell spirituous and intoxicating liquors, has appealed, or

brought. By the terms of that Act (among other things)
the county commissioners are specifically commanded to is-
sue a license whenever the Superior Court, upon an appeal
from their refusal, shall decide that the applicant and his place
of business are suitable. (By an apparent oversight this
duty is imposed, notwithstanding other statutory qualifica-
tions may be wanting.) It is apparent from a careful study
of the Act in all its bearings, that the legislature intended
the natural consequences of the language used, that is, to
abandon a main principle underlying the existing legislation,
by giving to every person in "license" towns, who can bring
himself within the statutory qualifications, the legal right to
a license to sell liquors. Consequently the county commis-
sioners no longer have the power to refuse a license on any
consideration whatever, if the statutory qualifications exist.

It was suggested in argument that the power of selection,
finally vested in the commissioners, was given by the Act of
1899 to the Superior Court. The suggestion is based on the
claim that the Act of 1899 requires the court, on appeal, to
make a finding "whether too many saloons are already in

shall hereafter appeal from such decision to the superior court, and
said court or any judge thereof has decided or shall decide upon the
trial of said appeal that said person is a suitable person to sell or ex-
change such liquors, and the place named in his application is a 'suit-
able place, and has rendered or shall render judgment accordingly, a
copy of said judgment shall be forthwith transmitted by the clerk of
the superior court to which said appeal was taken to the said county
commissioners, and the said county commissioners shall thereupon issue
a license to said appellant to sell spirituous and intoxicating liquors at
said place for the remainder of the license year, and the fee to be paid
therefor (except the application be for the renewal of a license, in
which case the full fee shall be paid) shall bear the same proportion to
the full license fee for a year as the unexpired portion of the year from
the time when said license is granted bears to the full year.

SEC. 7. Section one of chapter CLXXV of the public acts of 1893 is
hereby repealed.

SEC. 8. This act and chapter 161 of the public acts of 1899, entitled
An Act concerning Licenses, shall take effect from the passage of this
act, but shall not apply to any case where the judgment heretofore ren-
dered by the superior court in favor of the appellant was upon an *ex
parte* hearing.

the locality." We think the statute may reasonably be treated as not imposing such a duty on the court. To divide the license towns of the state into arbitrary "localities," and to determine from time to time what number of licenses may safely be granted in each locality, is a duty that may be satisfactorily performed by an administrative board to whom is entrusted the duty and power of administering the police regulations of the license law; but it is undeniably a duty which the Superior Court is wholly unfitted to perform, even if it could be validly authorized. The Act of 1899 does not therefore attempt to vest in the Superior Court the power of selection which it takes from the county commissioners; it simply eliminates that power from the license law. Such a change may not unnaturally follow the strong element of revenue legislation which has latterly been brought into the Act; but there is no occasion to discuss the reason for the change, or its wisdom; such questions were settled by the legislature when it passed the law.

It follows that in this case, upon finding the applicant and his proposed place of business to be within the statutory requirements, the trial court properly adjudged the action of the county commissioners in refusing a license to be illegal, and that the applicant is entitled as of right to a license. There was no error in rendering that judgment.

The statute also provides that such judgment shall be transmitted by the clerk of the court to the county commissioners, and that they shall thereupon issue a license to the applicant; it does not provide for any special order to that effect by the court. It assumes that the commissioners will perform their specific legal duty thus finally determined, and will not wait to be compelled and punished by mandamus. If, then, the judgment contained, as claimed, a specific order of court directing the commissioners to forthwith issue a license, such order would be void. Upon this point the meaning of the statute is unmistakable. But such void order would not necessarily affect the validity of the rest of the judgment from which it is entirely separable, unless upon a writ of error. We do not think however the judgment

should be construed as claimed; while its language may be susceptible of such an interpretation, the inference is not compulsory. There is always a presumption that the court has not made a void order, which, if not inconsistent with the language used, must prevail; especially is this true in a proceeding so peculiar to itself and so informal as this. The error assigned in ordering the commissioners to issue a license is not well taken.

The errors claimed as to the conduct of the court in the admission of testimony, and in reaching its conclusion as to suitability of place, cannot be considered. The reference cited from *Smith's Appeal*, 65 Conn. 135, 137, to a possible error in an impossible finding, was not intended to intimate but to exclude a ruling; had there been a ruling such as claimed, it would not apply to the facts of this case. As was said in *Hopson's Appeal*, 65 Conn. 140, 149, "an appeal assigning only such errors must be dismissed, and may be dismissed on motion."

There is no error in the judgment of the Superior Court.

. In this opinion the other judges concurred.