HENRY S. BURNS' APPEAL FROM COUNTY COMMIS-
SIONERS.

76　395
76　688

Third Judicial District, Bridgeport, October Term, 1903.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

Upon an appeal from an order of the county commissioners granting
or refusing a liquor license, the Superior Court is called upon to
give its opinion and make a finding as to the suitability of the ap-
plicant and of his place, for the purpose of determining whether
or not the action of the commissioners was within their power.

To affirm illegality in the action of the commissioners on such ground,
the applicant's possession or lack of the statutory qualifications
should appear to the court to be clear.

In the admission or rejection of evidence as to the suitability of the
person or place, and in reaching his finding or conclusion upon the
evidence, the trial judge is necessarily clothed with a judicial dis-
cretion, the exercise of which will not be reviewed except in re-
spect to matters affecting the legality of the action taken by the
county commissioners.

In the present case it appeared that the applicant's place of business
was in a hotel which was patronized chiefly in the summer and
which was substantially without patronage during portions of the
year. The remonstrant claimed that it was impracticable for a
place thus situated to conform to the requirements of the screen
law (§ 2683); and that these facts were in law conclusive evidence
of the unsuitability of the place. *Held* that this contention was
not well founded: that while such facts might influence, they did
not necessarily control, the judgment of the trier.

In his application for a license, the applicant failed to state, except by
implication, that he was the proprietor of the hotel where his busi-
ness was to be conducted, as directed by General Statutes, § 2675.
*Held* that such defect did not avoid the license, which was issued
after a full hearing and with knowledge of the facts.

The procedure upon appeal is summary, informal, and distinct from
that in an ordinary civil action. While the court may properly
direct the appellant to state, either orally or in writing, the grounds
upon which he claims that the action taken by the commissioners
was illegal, formal pleadings are not essential and ought not to be
required.

Argued November 4th, 1903—decided January 6th, 1904.

APPEAL from a judgment of the Superior Court in New
Haven County (*Elmer, J.*), confirming the action of the

county commissioners of that county in granting a liquor license to one Michael O'Connell. *No error.*

*Henry G. Newton* and *Ward Church*, for the appellant (Henry S. Burns).

*Charles Kleiner* and *Philip Pond, 2d*, for the appellee (Michael O'Connell).

HAMERSLEY, J. This proceeding, under the name of appeal, is an application to the Superior Court under § 2660 of the General Statutes, for the purpose of· vacating a license to sell spirituous and intoxicating liquors, because, in granting the license to a person not having the statutory qualifications for a licensee, the county commissioners acted illegally and beyond their power.

It is claimed that the licensee is not a suitable person, and that his place of business is not a suitable place. The statute requires these qualifications, and the county commissioners have no power to license a person who does not possess them.

This proceeding, although distinct from, is similar in practical effect to, that provided when the county commissioners unlawfully refuse to grant a license; except when this latter proceeding is based on the alleged misconduct of the commissioners in exercising the power vested in them in certain cases by § 2645, of rejecting an application for a license by a duly qualified person. *Moynihan's Appeal*, 75 Conn. 358.

Under either proceeding a judge of the Superior Court, exercising the judicial power, is called upon to form an opinion and make a finding as to the possession, by an applicant, of the statutory qualification of suitability of person and place, for the purpose of determining whether or not the action of the commissioners is within their power as limited by the legislature.

To affirm illegality in the action of the commissioners on such ground, the possession or nonpossession of the statutory qualifications should appear to the court to be clear.

The proceeding is summary, informal, and distinct from an ordinary civil action, which involves a judicial contention between parties in the establishment of their respective rights.

The finding of the judge as to the existence of the qualification of suitableness, necessarily involves a judicial discretion in reaching his conclusion, as well as in directing the production of evidence to aid him in reaching that conclusion.

These propositions have been settled by former decisions and are not open to further discussion. *Hopson's Appeal*, 65 Conn. 140, 147 ; *Malmo's Appeal*, 72 id. 1, 6, 73 id. 232, 234 ; *Wakeman's Appeal*, 74 id. 313, 315, 316 ; *Moynihan's Appeal*, 75 id. 358, 363.

In this case the trial judge found that the person licensed possessed the qualification of suitability of person and place.

The appellant claims that it appeared to the court that the place of business of the licensee was in a hotel, adapted chiefly to summer business and substantially without patronage during portions of the year ; that it was impracticable for a place thus situated to conform to the requirements of the screen law ; and that these facts were in law conclusive evidence of the unsuitability of the place.

The claim is unfounded. Such facts can only influence, they do not necessarily control, the judgment of the trier.

The appellant further claims that it appeared to the court that in his application for a license, the applicant did not state, unless by implication, that he was the proprietor of the hotel where his business was to be conducted ; that this defective statement was a violation of § 2675 of the General Statutes and rendered void the license which was issued after full hearing and knowledge of the facts. The section does not have that effect.

In excluding the question put to the witness Clark, calling for his opinion as to the suitability of the licensee and his place of business, the trial judge used his discretion in respect to the source and extent of information deemed necessary or desirable, under the circumstances of that case,

to a fair exercise of his own judgment and formation of his own opinion. It does not appear that then or at any time he refused to listen to evidence of facts so inconsistent with the suitability of person or place as to show any illegal action on the part of the county commissioners.

Upon the hearing the trial judge ordered the appellant to file written reasons of appeal, and permitted a demurrer to these reasons, an answer and substituted answer, demurrer to substituted answer, reply and substituted reply to substituted answer, and rejoinder. Doubtless the court might properly direct the appellant to state the grounds of illegality on which he relied, orally or in writing, but the proceeding is not one which calls for formal pleadings, nor is it within the purview of the rules regulating pleadings under the Practice Act; and any attempt to improvise, for such hearing, rules of procedure, must prove unfortunate.

In spite, however, of this mode of conducting a summary and informal hearing, it is apparent that the court did determine the question of suitability in view of all the substantial claims urged by the appellant, and, upon evidence it deemed sufficient and satisfactory, reached the conclusion that the licensee was a suitable person and his place of business a suitable place.

There is no error in the judgment of the Superior Court.

In this opinion the other judges concurred.