## WILLIAM H. H. HEWITT ET AL. APPEAL FROM COUNTY COMMISSIONERS.

Third Judicial District, Bridgeport, April Term, 1904.
TORRANCE, C. J., HAMERSLEY, HALL, PRENTICE AND RORABACK, Js.

In granting or refusing a license to sell intoxicating liquors, the county commissioners act not as judges but as administrative officers, and may properly consider all information which comes to them not only through public hearings but such as may be derived from the personal knowledge and investigation of each; and therefore the unavoidable absence of one commissioner from a public hearing does not disqualify him from taking part in the decision.

A street which is used both for dwelling-houses and business purposes may or may not, according to circumstances, be a "suitable" place for the sale of liquor; but it certainly does not come within the terms of the statute (§ 2647) which forbids the issue of a license to sell in a "purely residential" part of a town.

Argued April 14th—decided June 14th, 1904.

APPEAL from a judgment of the Superior Court in New Haven County, *Thayer, J.*, confirming the action of the county commissioners of said county in granting a liquor license to one Patrick J. Fitzgerald. *No error.*

*Henry G. Newton*, for the appellants (remonstrants).

*Charles Kleiner*, for the appellee (the applicant).

HAMERSLEY, J. The county commissioners are administrative officers. *La Croix* v. *County Commissioners*, 50 Conn. 321, 324. Granting licenses in pursuance of our statute regulating the sale of intoxicating liquors is an administrative act. *State* v. *Wilcox*, 42 Conn. 364, 371; *Underwood* v. *County Commissioners*, 67 id. 411, 416. The power to grant such licenses is vested in the county commissioners, and the license is given by a writing signed by themselves. General Statutes, § 2643. The formal license must issue in pursuance of a decision reached by all, or by a majority, after consultation between themselves. *Martin* v. *Lemon*, 26 Conn. 192, 193; *Smith* v. *New Haven*, 59 id. 203, 211. Section 2660 of the General Statutes authorizes an appeal by an aggrieved taxpayer to the Superior Court from such decision of the county commissioners in granting the license. This proceeding is brought under that section.

It appears from the finding of the trial court that the decision appealed from was reached at a meeting of all the commissioners after consultation and without dissent. It also appears that one of the commissioners was unable, by reason of sickness, to attend a hearing previously had before the commissioners upon objection filed by certain citizens to granting the license. The appellant claimed before

the trial court that the action of the commissioners in granting the license was illegal, because a commissioner who was not present at the hearing took part in the decision.

The court did not err in overruling this claim. In granting or refusing a license the commissioners act upon all the information they may obtain, including the personal knowledge and personal investigation of each. The provision of the statute for a public hearing in certain cases furnishes an additional means of information to which the commissioners are bound to give due consideration. It does not, however, exclude other means. Opportunity for a public hearing is required in every application for a license which is not a renewal, and in every application for a renewal-license when any citizen files an objection. At these hearings the commissioners may compel the attendance of witnesses and the applicant is always entitled to the opening and closing of the argument, and so they are referred to in the statute as hearings or trials; but they are not judicial trials and have no substantial analogy to ordinary trials in court. Their purpose is not to determine a controversy but to furnish information. The commissioners do not act as judges bound to determine a specific issue of fact according to the weight of evidence, but as a board of inquiry bound to hear and consider what may be said on behalf of the applicant and the public, in connection with other information they may possess or obtain, before reaching their decision in granting or refusing a license. It is evident that such hearings may furnish information of controlling or of very little weight, dependent in many cases on other information the commissioners and each of them may properly obtain, and that their usefulness would not be aided but might be impaired if the unavoidable absence of one commissioner from a hearing should deprive the commissioners of his judgment and knowledge in reaching their decision in granting a license. The statute providing for these hearings does not work such a result.

It appears that the place designated in the license is situated on Hudson Street, 1,100 feet in length, on which there are fifty-eight buildings; the street is very thickly settled,

the houses being small and occupied for the most part by Italians and people of African descent. There are on the street four small grocery stores occupying portions of buildings which are also occupied as dwellings, and two licensed saloons. Section 2647 of the General Statutes forbids the granting of any license in the purely residential parts of a town, except the renewal of a license at the discretion of the commissioners as to the suitability of person and place, and except to a well-established hotel of good reputation. Upon the trial the appellant claimed that § 2647, by its terms, forbade the issue of any license to sell liquors in any part of a town occupied as Hudson Street was occupied, and that the county commissioners and the Superior Court were excluded from considering the question whether or not a building on Hudson Street was a suitable place to be licensed, unless the license asked for were a renewal, or to a well-established hotel of good reputation. The Superior Court overruled this claim, and the appellant now claims that its judgment should be reversed because based on a misconstruction of the statute.

A place upon a street, used both for the purpose of living and that of business, may or may not, according to the circumstances of each case, be a place " suitable " to license for the sale of intoxicating liquors, and the amount and character of the business may be of importance in considering the circumstances ; but such a street does not come within the absolute bar of the statute as a " purely residential " part of the town. Plainly there was no misconstruction of the statute.

The conclusion of the Superior Court as to the suitability of person and place, under the circumstances stated in the finding, is not reviewable. *Burns' Appeal*, 76 Conn. 395.

There is no error.

In this opinion the other judges concurred.