WILLIAM H. COLES' APPEAL FROM COUNTY
COMMISSIONERS.

Third Judicial District, Bridgeport, April Term, 1907.
BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

Under the name of an "appeal," General Statutes, § 2660, as heretofore construed by this court, authorizes a taxpayer aggrieved by the decision of the county commissioners in granting a liquor license, to make an original application to the Superior Court to set aside their action when that is illegal and in excess of their powers. *Held* that upon such an application the court might make an investigation as to the commissioners' conduct and set aside their action as illegal, although such illegality did not appear from the case as it was presented to the commissioners.

It is legally possible for the Superior Court, upon such an application, to find that the licensee's place of business is so manifestly unsuitable for the sale of liquor as to justify its conclusion that the commissioners acted illegally in issuing the license.

In the present case the judgment-file recited that the court found the place to be unsuitable and adjudged that the license be revoked. *Held* that this form of expressing the judgment sufficiently indicated its substance for the practical purposes of this summary and informal proceeding, although a way more in accord with the legal effect of § 2660, as settled by former decisions, would be an explicit statement that the commissioners acted illegally and in excess of their powers.

The conduct of the court in such a case, in reaching its conclusion after a lawful hearing, is not reviewable.

Argued April 9th—decided May 1st, 1907.

APPEAL from a decision of the County Commissioners of Fairfield County granting a liquor license to one James F. Keating, taken by a resident and taxpayer of Bridgeport to the Superior Court in said county and tried to the court, *Shumway*, *J.;* facts found and judgment rendered revoking the grant of said license, and appeal by the applicant. *No error.*

*Jacob B. Klein* and *Robert G. DeForest*, for the applicant for license.

*John W. Banks* and *Frank L. Wilder*, with whom was *James A. Turner*, for the taxpayer in opposition to granting the license.

PER CURIAM. The construction of General Statutes, §2660, by which that section is held in legal effect to authorize, under the name of "appeal," a proceeding by way of original application to the Superior Court to set aside certain action of the county commissioners in the matter of liquor licenses, when in excess of their power or in the unlawful abuse of that power, the summary and informal nature of that proceeding, and the power of the Superior Court in the conduct of a hearing upon the questions thus presented, have been fully considered and

determined in recent decisions. *Malmo's Appeal*, 72 Conn. 1, 6, 43 Atl. 485; *Malmo's Appeal*, 73 Conn. 232, 234, 238, 47 Atl. 163; *Moynihan's Appeal*, 75 Conn. 358, 360, 363, 366, 53 Atl. 903; *Burns' Appeal*, 76 Conn. 395, 398, 56 Atl. 611; *Hewitt's Appeal*, 76 Conn. 685, 688, 58 Atl. 231; *Londry's Appeal*, 79 Conn. 1, 5, 63 Atl. 293.

It follows that the action of the trial court in this case in overruling the appellee's claim of law, that the court could not set aside the action of the commissioners in issuing the license unless satisfied that upon the case as presented to them the license was improperly or illegally issued, is manifestly correct.

The further claim, apparently made, that the judge cannot hold the issue of a license to be illegal upon being clearly satisfied that the licensee does not possess an essential statutory qualification, unless he is also convinced of misconduct by the commissioners in other ways, is untenable; it is not legally impossible that a licensee's place of business may be found by the trial judge to be so manifestly unsuitable to the sale of liquor by the licensee as to justify a conclusion that the license for such sale was illegally issued.

The appellee also seems to claim in his brief that in this case it appears from the memorandum of decision, judgment and finding as printed in the record, that the trial judge did not find that the commissioners acted illegally, nor in fact believe that the place of business was so obviously and undeniably unsuitable to the sale of liquor by the licensee as to justify the conclusion that the commissioners acted illegally in issuing the license. Certainly such conduct should not be imputed to a judge when it does not surely and unmistakably appear in the record; and in this case it does not so appear. On the contrary, the judge indicates that he considered the unsuitability of the place as incident to determining whether the commissioners acted within the limits of their power; and in overruling the appellee's claim that the court could not, upon the evidence produced, find that the commissioners had

acted illegally or in abuse of their power, the judge implies that he did find illegal conduct upon evidence he deemed sufficient to support that finding.

This finding of the judge, that the commissioners acted in excess of their powers and illegally in issuing a license to sell at a place which was not a suitable one, is the real judgment of the court. There is in this summary and informal proceeding no prescribed way of expressing the finding in a formal order or judgment. The way followed by the trial judge, of recording his finding that in fact "the place in question is not a suitable one in which to sell spirituous and intoxicating liquors," and the consequent conclusion of the law that the license is vacated or revoked, indicates the substance of the judgment and for practical purposes is sufficient. In a case like this, however, a way more in accord with the legal effect of §2660 in authorizing under the name of "appeal" this application, as settled by our decisions, would be an explicit statement of the finding that the commissioners acted in excess of their power and illegally in issuing the license, and that the license is vacated.

The conduct of the judge in this case after a lawful hearing given the parties, in reaching his conclusion, from all the evidence produced, that the commissioners acted illegally in issuing a license to the appellee to sell liquor at the place mentioned, is not reviewable.

There is no error in the judgment of the Superior Court.