## ANTHONY S. PETRAUSKAS
vs.
## THE LIQUOR CONTROL COMMISSION

| Superior Court | Hartford County | File #55176 |
|---|---|---|

Present: Hon. FRANK P. McEVOY, Judge.

Monroe F. Gordon;
Samuel Rosenthal,                  Attorneys for the Appellant.

Edward J. Daly,
   Attorney General,               Attorney for the Appellee.

## MEMORANDUM FILED APRIL 29, 1937.

McEVOY, J.   On November 10th, 1936, the appellee, by its secretary, sent a notice to the appellant in which he was summoned to appear before the Liquor Control Commission for a hearing on the revocation of his restaurant permit.

In that notice he was instructed that he would be required to furnish facts and evidence relative to suitability of person and place as provided by the Public Acts and the regulations of The Liquor Control Commission.

Accordingly the appellant appeared before the Commission and, as a result of the proceedings there had on November 20th, 1936, the appellant received a letter from the appellee in which it was stated that, after due hearing, his restaurant permit had been revoked by the Commission for a violation of Section 1074c—"sales after the hour provided by statute."

Section 1074c provides—amongst other things—that a sale of liquor by one conducting a restaurant shall be unlawful "after twelve o'clock, midnight."

The present appeal grows out of the order of revocation.

In the proceedings in this court the appellee, although invited by the court to do so, elected to present no witnesses for examination.

The appellee then offered "a transcript of evidence as a record of the Commission."

Upon being inquired of as to the purpose of the offer it was stated as follows:

"The purpose is to show the evidence which was presented

before the Commission and to rebut the claim of the appellant that they acted arbitrarily, illegally and without authority, on the basis of the evidence as it is shown in the record here."

Upon objection, and after argument on each side as to the admissibility of the record so offered, a ruling was made that the exhibits be admitted as a record of the Commission but that it be excluded as purporting to show the proceedings in so far as the taking of evidence was concerned before the Commission.

It was specifically stated, in the ruling, that the exhibit so offered was in no way conclusive upon this Court as to the weight or credibility, either or both, of any witness who appeared before the Commission.

The appeal proceedings appeared to be governed by the provision of the statutes, **Section 1055c.**

In that section it is provided that:

"Upon such appeal, the reasons of the Commission in refusing the application or in revoking the permit may be received as evidence."

The "reasons of the Commission in revoking the permit" are set out in the wording of the last page of Exhibit 1 under the heading Memorandum of Decree.

These "Reasons of the Commission" were admitted as part of the record and were considered in deciding this appeal.

In **Section 1055c** it is provided that:

"If said Court shall decide **upon the trial** of such appeals . . . ."

In **Skarzynski vs. Liquor Control Commission, 122 Conn. 521,** our Supreme Court said, as to the function of the appellate court:

"We have held that the farthest it could go was to review the action of the county commissioners to determine whether or not they had acted legally and in the exercise of a reasonable discretion."

This was in connection with a consideration of the procedure on an appeal from the county commissioners.

And further in that opinion, it was said:

"In determining that question the court must often consider how the case stood before the Commission."

And again: "The court can only, by hearing the evidence or by reference, determine what the facts really were."

In **Guillara vs. The Liquor Control Commission, 121 Conn., 441, at page 447,** our Supreme Court said:

"The parties stipulated that the trial court might render a decision solely upon the record of the testimony taken at the hearing before the Commission and the inspector's report. The finding of facts on appeal, also based on the record, was made, necessarily, without the benefit of regular examination and cross examination, and personal observation of witnesses— important aids in determining weight and veracity. For these reasons we forbear to terminate the case upon the record before us, but remand it for a new trial in the light of this opinion."

"To determine whether the County Commissioners have acted fairly, the Superior Court on appeal may hear the facts."

**Farrell's Appeal, 85 Conn., 701 at page 703.**

**Moynihan's Appeal, 75 Conn., 358, 364.**

Along the same line our Supreme Court said in another case:

"The errors claimed as to the conduct of the Court, **in the admission of testimony,** and in reaching its conclusions as to suitability of place cannot be considered."

**Malmo's Appeal, 73 Conn., 232 at page 238.**

"The word 'appeal' as thus used, has been construed as providing for an original application to the Superior Court to exercise its appropriate judicial power in respect to acts done by the county commissioners in excess of their power, or in the unlawful abuse of that power. Such appeal is a process by which the Superior Court is enabled to determine the legality of certain specified actions of the County Commissioners."

**Moynihan's Appeal, 75 Conn., 358 at 360.**

In the same opinion, at page 365, it was said:

"It was not the duty of the Court, nor was it practicable for it, to judicially determine what its own opinion might be

if it stood in the place of the Commissioners, endowed with the same powers and means of information and charged with the same administrative duty."

It seems fair to imply that the meaning of the word "trial" as applied to the proceedings in the Superior Court connotes a presentation of witnesses and their examination and an opportunity for orderly cross examination which would seem to be an essential element in any trial.

It appeared in the evidence offered in this court that, in the proceedings before the Liquor Commission, the rules of evidence as applied in the Superior Court were not adhered to.

It would seem reasonable to hold that the parties are entitled to be heard in the Superior Court in accordance with the recognized rules of evidence and procedure.

This is not intended as any criticism of the procedure before The Liquor Commission as it is a matter of common knowledge that it would not be feasible to conduct hearings held there, under present circumstances, in accordance with the same rules of procedure which are observed in the Superior Court.

By reason of the failure of the appellee in the proceedings before this court to present any witnesses it was not possible for this court to substantially place itself in the position in which The Liquor Control Commission was at the time of the proceedings before it.

"It is the duty of this court to determine whether or not the Commission acted arbitrarily, illegally or in abuse of its discretion."

**Gwiszda vs. Bergin, 121 Conn., 705, 707.**

It would not seem feasible for this court to arrive at that conclusion unless there were placed before it the same witnesses and the same opportunity for the court to consider the proceedings as these matters were presented to the Commission.

The only witnesses presented upon the trial of this action in this court were those who were offered by the appellant and all of these witnesses testified that there was no sale in the place of the appellant permittee, after one o'clock daylight saving time on the date in question.

The claim of the Commission was that because a sale was had in the place of the permittee after one o'clock that the permit should be revoked.

In the present state of the record there is no evidence before this court that such evidence of violation was presented to the Commission.

The so-called transcript of evidence, apparently offered for that purpose, does not stand as a substitute for witnesses presented in the orderly way.

Upon the trial had in this court the issues are found for the appellant and judgment may enter accordingly. ·